Mike BURDAN, et al *v.* Barbara WALTON

85-45                                                        689 S.W.2d 543

Supreme Court of Arkansas
Opinion delivered May 20, 1985

*William R. Mays*, for appellants.

*Kendall & Schrantz*, by: *Stephen Lee Wood*, for appellee.

DARRELL HICKMAN, Justice. According to Barbara Walton, the appellee, the appellants wrongfully removed her possessions from her house trailer while she was moving. She estimated her loss at $4,720. The appellants offered testimony that the trailer contained nothing of value, only trash, rags and broken items. The trial judge discounted the damages to $1,670 but resolved all issues in Walton's favor. We affirm in part and reverse in part.

Barbara Walton rented the mobile home in Cave Springs, Arkansas, in June, 1981. The Siloam Springs Housing Authority paid all of her rent as part of a rent subsidy program. She paid

$5.00 monthly for furniture, which she rented from Robert Crotser, the owner of the mobile home. Walton's rent was paid through September, 1982, but she rented another place on September 1, 1982, in Bella Vista, and began moving out of the mobile home that month. It is undisputed that she did not give the 30 days notice required by her lease with the owner.

Mike Burdan, an employee of the Housing Authority, drove by the property periodically as part of his duties in helping administer the rent subsidy program. After doing so for several weeks and seeing no activity, he stopped and determined from what he saw that Walton had moved. Burdan told JoAnn Nees, who was Crotser's agent and managed the property for him, that he thought the mobile home might have been abandoned by the tenant and to "check it out." Nees investigated and learned that Walton's electricity had been transferred on September 7. At the direction of Robert Crotser, Nees contacted Don Locander, who hired a crew that cleaned the mobile home, changed the locks and discarded the items which had been left. No notice of this was ever received by Walton. After Walton found her belongings gone and made demand for them, she filed an action against Burdan, Crotser, Nees and Locander for return of her personal property or, in the alternative, damages. She amended the complaint, realleged the above, and claimed wrongful eviction against Burdan and the Housing Authority.

The appellants argue that the trial judge erred in finding that they wrongfully evicted Walton since she had abandoned the premises. They contend that because of the evidence of abandonment and the evidence of the disrepair of the mobile home which was presented at trial, they had a right to lock Walton out and discard her belongings.

■■ Walton's rent was paid for the month. The trial judge specifically stated that he did not believe the evidence of Walton's abuse of the property because none of the appellants had ever complained to Walton until this case arose. It is not disputed that Locander was acting for Nees and that Nees was acting for Crotser. Eviction means interfering with the tenant's enjoyment of the premises. *Fletcher* v. *Joseph Pfeifer Clothing Co.*, 103 Ark. 318, 146 S.W. 864 (1912). The trial judge found that the actions of changing the locks and discarding Walton's personal belongings before her term had expired amounted to eviction. We

cannot say that finding is clearly erroneous.

However, we find that it was error to hold the Housing Authority and Mike Burdan liable for either wrongful eviction or for conversion. There was no evidence presented at trial that either party had any knowledge of or were responsible for the acts which constituted the eviction. Burdan did nothing more than tell Nees that it appeared to him that Walton had moved and to check on that. There was an agreement between the Housing Authority and Howard Nees, JoAnn Nees' late husband, which obligated Nees to notify the Housing Authority before evicting Walton. Nothing in the agreement imposed an affirmative obligation upon the Housing Authority or its employees to prevent the sort of actions that transpired in this case. Therefore, we reverse that part of the judgment holding Burdan and the Housing Authority liable.

The appellants also argue that Walton did not present sufficient evidence from which the trial court could determine damages. The proper measure of damages for the conversion of personal property is its market value at the time and place of conversion. *Ford Motor Credit Co.* v. *Herring*, 267 Ark. 201, 589 S.W.2d 584 (1979). Where a tenant is unlawfully evicted, the tenant is entitled to recover as damages whatever loss results to him because of the wrongful act. *Brickey* v. *Lacy*, 245 Ark. 860, 435 S.W.2d 443 (1968).

Walton's extensive list of the items that were missing and their value was presented at trial. The appellants maintained that most of the items listed were not found at the mobile home or were broken. Walton had several witnesses testify to having seen many of the items in the mobile home. Her present husband testified that he was familiar with the items, that he had experience buying and selling merchandise because he worked for an auctioneering association, and believed Walton had assigned the appropriate value to the missing belongings. The trial judge stated that he did not believe the items left by Walton were worth $4,700; he gave damages only for that which was testified to either directly or indirectly and awarded $1,670. That finding was one of fact, and we do not find it to be clearly erroneous. ARCP Rule 52(a).

Therefore, we affirm the trial court as to the findings against appellants Crotser, Nees and Locander, but reverse as to appel-

lants Burdan and the Housing Authority.

Affirmed in part and reversed in part.